# P. Rielly & Son, Plaintiff in Error, v. National Parlor Furniture Company, Defendant in Error.

## Gen. No. 20,059.

1.  MUNICIPAL COURT OF CHICAGO, § 19*—*when ruling on motion for default not disturbed.* A motion for a default is a matter resting in the discretion of the court, and the exercise of this discretion will not be interfered with on appeal except in cases where it clearly appears that there has been an abuse of such discretion.

2.  MUNICIPAL COURT OF CHICAGO, § 14*—*how interrogatories may be used.* The interrogatory and answer thereto in the Municipal Court is not a pleading. The answer may be used as evidence on

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the trial or in support of an application for a directed verdict for the defendant, but cannot be used in support of a motion to dismiss the suit.

3. MUNICIPAL COURT OF CHICAGO, § 16*—*when admissions in interrogatories do not waive jury trial.* The admission of facts in an answer to the interrogatories of the plaintiff in an action in the Municipal Court cannot be construed as a waiver of trial by jury.

4. MUNICIPAL COURT OF CHICAGO, § 14*—*when court cannot determine questions of fact on interrogatories.* A motion to dismiss an action based upon the interrogatory and the answer thereto in the Municipal Court does not devolve on the court the determination summarily of a question of fact.

5. CORPORATIONS, § 742*—*when action by foreign corporation not dismissed on answers to interrogatories.* An action cannot be dismissed on the ground that the plaintiff is a foreign corporation doing business in this State in violation of the statutes, merely on the ground that such fact appears from interrogatories and answers thereto filed in an action in the Municipal Court.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed April 26, 1915.

VROMAN, MUNRO & VROMAN and SIDNEY N. WARE, for plaintiff in error.

LEE J. FRANK, MARY LEE COLBERT and CHARLES H. PEASE, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The plaintiff corporation, P. Rielly & Son, brought an action in the Municipal Court against the defendant for merchandise sold and delivered and filed a statement of claim. Afterwards, by order of the court, it filed a more specific statement of claim. The contention that the court erred in denying plaintiff's motion for a default for the reason that defendant did not appear and file an affidavit of defense within the time fixed for its appearance is without merit.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Whether a default and judgment shall be set aside is a matter resting in the discretion of the court, and the exercise of this discretion will not be interfered with on appeal except in cases where it clearly appears that there has been an abuse of such discretion. This being the rule when default has been entered, it should apply with all its force to a ruling on a motion for default.

The defendant filed interrogatories which were answered by the plaintiff. The defendant then moved that the suit be dismissed, basing its motion on plaintiff's amended statement of claim, the affidavit of defense and plaintiff's answer to the interrogatories. The court granted the motion and dismissed the action.

The purpose of permitting interrogatories is to obtain a discovery of facts resting in the knowledge of a party to a suit. An interrogatory and answer thereto is not a pleading. The answer may be used as evidence on the trial or in support of an application for a directed verdict for the defendant, but cannot be used in support of a motion to dismiss the suit. The admission of facts contained in the answer to the interrogatories cannot be construed as a waiver of trial by jury. The motion to dismiss could not devolve on the court the determination summarily of a question of fact. On this motion the court ought not to have determined the question of fact whether the plaintiff corporation was doing business in Illinois in violation of the statute, but ought to have remitted the parties for trial to a jury.

The judgment of the Municipal Court is reversed and the cause remanded.

*Reversed and remanded.*